UNITED OWNERS' REALTY COMPANY ET AL., APPEL-
LANTS, v. BOROUGH OF LODI, RESPONDENT.

Argued November 30, 1923—Decided May 19, 1924.

On appeal from the Supreme Court, in which the follow-
ing memorandum was filed:

"The *certiorari* in this case was allowed to review assess-
ments made for the building of a sanitary sewer and dis-
posal plant in the borough of Lodi, N. J. The main trunk
sewer and disposal plant cost $107,000. This cost was as-
sessed generally on all property in the borough according to
benefits. The total cost of the sewer was $448,522.64, of
which $8,472.48 is to be paid by the borough and raised by
general taxation. The work was begun in the year 1916.
It was completed and accepted in 1921. The assessments
were confirmed on February 27th, 1922. The writ was ap-
plied for and allowed January 23d, 1923. Rule allowed
on January 27th, 1923, why thirteen other property owners
should not be made parties to the suit under rule 171 of the
Supreme Court.

"The assessments were made under the provisions of
*Pamph. L.* 1917, *p.* 378, article 20, paragraph 21, page
380; paragraph 24, page 381; paragraph 25 as amended by
*Pamph. L.* 1921, *p.* 162. This is known as the Munici-
palities act. The phraseology in *Pamph. L.* 1921, *p.* 162, is
substantially that of *Pamph. L.* 1895, *p.* 95, which was re-
pealed by *Pamph. L.* 1917, *p.* 699.

"There are no reasons for setting aside the assessments
printed in the record book furnished the court. The prose-
cutors, however, argue in the brief and state that there are
but two questions involved in the case—*first,* may properties
which have no access to the sewer be subjected to an assess-
ment under *Pamph. L.* 1917, *p.* 378, the Municipalities act?
*Second,* should the property owners named in the rule to
show cause be made parties under the Supreme Court rule
No. 171?

"We think the writ of *certiorari* and the rule to show cause should be dismissed and the asesssments confirmed on the ground of laches. Under *Pamph. L.* 1921, *p.* 515, ¶ 56, no *certiorari* shall be allowed after thirty days shall have elapsed from the date of the confirmation of such assessment. By the *Certiorari* act (*Pamph. L.* 1907, *p.* 109; 1 *Comp. Stat., p.* 407, ¶ 15), no *certiorari* shall be allowed to review any assessment for benefits for the construction of sewers, unless application shall be made for a writ within sixty days after such assessment shall have been confirmed by a court of competent jurisdiction. It is argued that these statutory limitations as to time do not apply, citing cases referred to by Mr. Justice Dixon in the case of *United New Jersey Railroad Co.* v. *Gummere*, 69 *N. J. L.* 111. That class of cases do not apply to the assessments under review. We fail to see the force of the prosecutor's argument, that the statute under which the assessments were made is unconstitutional. Promptness to act in this class of cases is not only illustrated, but enjoined by many cases in our reports. The statutes above cited, with many others, contain provisions limiting the time in which reviews may be obtained. In *Durrell* v. *Mayor, &c., of Woodbury*, 74 *Id.* 206, the report of the commissioners was confirmed January 19th, 1906, and the writ of *certiorari* was allowed May 23d, 1906.

"The writ of *certiorari* and the rule to show cause are dismissed. The assessments are confirmed, with costs."

For the appellants, *Morrison, Lloyd & Morrison.*

For the respondent, *Walter G. Winne.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, CAMPBELL, LLOYD, GARDNER, CLARK, KAYS, JJ. 9.

*For reversal*—None.