On appeal from a judgment of the Superior Court, Law Division, in which Judge Leyden rendered the following opinion:
"This matter was submitted to the court for determination, without a jury, upon an agreed stipulation of facts and briefs.
"The facts are found to be as stipulated and are as follows: In April, 1946, the defendants entered into an agreement in writing to sell to the plaintiff's assignor, Burdette Holding Company, certain lands located in the Township of Teaneck, *Page 68 
Bergen County, New Jersey, consisting of a number of lots as shown on a map entitled `Overlook Terrace, Property of William Hill, Township of Teaneck, N.J., Horace E. Spears, Engineer and Surveyor, Bergenfield, N.J., July 16, 1941.' The Burdette Holding Company assigned the agreement of sale, in writing, to Lenton Construction Co., the plaintiff.
"The agreement of sale contained, inter alia, the following provision: `It is understood that any assessments confirmed and entered prior to date of closing, whether now a lien or not, shall be paid by the seller in full. Sellers represent that there are no unconfirmed assessments.'
"A warranty deed pursuant to the said agreement was given to the plaintiff on June 3, 1946.
"Prior to 1929 the governing body of the Township of Teaneck adopted the ordinances authorizing the construction of a sewage disposal plant and a trunk sewer. This construction was completed in 1929 and the improvements were identified on the records of the Township of Teaneck as the Northeast Sewer Assessment, T, U and Y.
"On March 1, 1947, the Assessment Commission of the Township of Teaneck made and filed its report which levied an assessment for the above improvements on the lots benefited, including twenty-three of the lots sold by the defendants to the plaintiff's assignor under the contract and warranty deed. The amount so assessed was $2,471.70. The report of the Assessment Commission was confirmed by a resolution of the governing body on March 18, 1947. The assessments were paid by the plaintiff, and it seeks to recover the said sum with interest.
"The parties have agreed that the court's determination shall be limited to the following issue: whether the assessments which were levied and confirmed as of March 18, 1947, were unconfirmed assessments as contemplated by the provision above quoted of the contract of sale when the same was entered into. It is further stipulated and agreed that the second count of the complaint is withdrawn.
"The assessments which are the subject matter of the present suit and which were levied and confirmed as of *Page 69 
March 18, 1947, by the Township of Teaneck were not unconfirmed assessments as contemplated by the provision of the contract of sale. The pertinent part of the provision of the contract is `Sellers represent that there are no unconfirmed assessments.' As of April, 1946, there were no assessments in legal contemplation. An assessment is a charge upon real estate apportioning the cost of a public improvement in accordance with the benefit received; it is the fixing of the amount of the benefit received. At the time of the making of the contract there were, in fact, no assessments upon the lots in question. Under the Municipal Home Rule Act of 1917 now found in R.S. 40:56-52, the making of an assessment for a main sewer or sewage disposal plant is deferred until the benefits of the main sewer or plant are extended to the lots by the subsequent construction of lateral sewers permitting immediate connection thereto, and then only in an amount not exceeding the actual benefit conferred upon the real estate. `Prospective assessments' as such, although they seem to have been recognized in prior legislation, have not been embodied in the pertinent provision of the act concerning municipalities above cited. See Green v. Montclair, 125 N.J.L. 19. It follows, then, that the assessment on the lots in question — the apportionment of the cost of the improvement, the fixing of the amount of benefits — was not made until March 1, 1947, and did not become a lien until confirmed on March 18, 1947; that there were no unconfirmed assessments on the lots in question in April, 1946, and the representation in the provision of the contract was and is true. The parties are presumed to have made their contract in the light of the existing law, and the assessments which were levied and confirmed as of March 18, 1947, were not unconfirmed assessments as contemplated by the provision of the contract.
"The finding is therefore a verdict in favor of the defendants, William Hill and Aina Hill, his wife, individually and as co-partners trading as W. Hill Co., and against the plaintiff, Lenton Construction Co., no cause of action. A judgment may be prepared accordingly." *Page 70 
The judgment under review will be affirmed for the reasons expressed in the opinion of Judge Leyden, ubi supra.